(No. 2335—

A. W. POTTS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

JONAS & BRANSON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant, A. W. Potts, was employed as a Guard at the Southern Illinois Penitentiary, and worked in what is known as the Convicts Barber Shop.

On February 7, 1933, while on duty, he had occasion to go through the main entrance door, the floor of which on the outside was sloping and covered with ice, and he fell. While on duty he is required to carry a "gas-billy", which contained a gas shell which was subject to discharge from a jar when dropped, and in trying to prevent the discharge of this gas shell, his right arm was doubled under his body, re-

sulting in a compound fracture at the end of the radius bone and also a serious dislocation of the right wrist.

He was a licensed barber, and by reason of his injury, his right wrist and fingers are stiff. He was cared for by the prison physicians and drew his salary while he was unable to work, and then went back to work at what is known as the Visiting Table, his duty being to see that visitors did not give any forbidden articles at the penitentiary or violated any of the rules of the prison pertaining to visitors. He worked there until October 15th when he was returned to the barber shop, remaining there until February 9, 1934.

It appears from the testimony that the claimant suffered an injury which arose out of and in the course of his employment. He was later transferred to Pontiac and then again transferred to Joliet Penitentiary.

It is the evidence of the physicians that he has suffered a 35 per cent loss of his arm. Dr. Copple was of the opinion that he has suffered a 75 per cent total disability on account of his injury to his arm. Dr. E. Ralph May, Prison Physician, was of the opinion that his arm had suffered 100 per cent disability for barber work. Dr. A. F. Barnett was of the same opinion. Dr. C. J. Carlin, physician of the new prison hospital at Joliet, was of the opinion that his arm was disabled 35 per cent, and another physician was of the opinion that his arm had suffered a 75 per cent disability.

Unquestionably, the evidence pertaining to the 100 per cent disability had limited the use of the hand and arm for barber work.

After a careful consideration of all the evidence, we are of the opinion that he suffered a 50 per cent loss of the use of the hand. He is entitled to be paid $13.00 per week for 85 weeks according to the statute, or the sum of $1,105.00.

We, therefore, recommend an award in the sum of $1,105.00.